# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ELDRIDGE CONE, JR., | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-16-384-JHP-KEW |
| JANET DOWLING, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a *pro se* prisoner incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, filed this petition for a writ of habeas corpus, challenging his convictions and sentences in Muskogee County District Court Case No. CF-2012-749 for Murder in the First Degree (Count 1) and Assault and Battery with a Deadly Weapon (Count 2). Respondent has filed a motion to dismiss arguing petitioner has failed to exhaust his state court remedies on all claims (Dkt. 9) and a brief in support (Dkt. 10). Petitioner has filed his response to said motion (Dkt. 11).

"A threshold question that must be addressed in every habeas case is that of exhaustion," *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Furthermore, the court may dismiss a habeas petition *sua sponte*, when the petitioner's failure to exhaust is clear on the face of the petition. *Allen v. Zavaras*, 568 F.3d 1197, 1202-03

(10th Cir. 2009). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion doctrine requires a state prisoner to "fairly present" his or her claims to the state courts before a federal court will examine them. *Picard*, 404 U.S. at 275; *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.1989) (discussing fair presentation requirement). "Fair presentation" of a prisoner's claim to the state courts means that the substance of the claim must be raised there. The prisoner's allegations and supporting evidence must offer the state courts "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard*, 404 U.S. at 276-77). Therefore, although a habeas petitioner will be allowed to present "'bits of evidence'" to a federal court that were not presented to the state court that first considered his claim, evidence that places the claims in a significantly different legal posture must first be presented to the state courts. *Jones v. Hess*, 681 F.2d 688, 694 (10th Cir.1982) (quoting *Nelson v. Moore*, 470 F.2d 1192, 1197 (1st Cir.1972)). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

When faced with a "mixed" petition,[1] a district court has two options. The court can dismiss the petition without prejudice and allow the petitioner to refile once the claims are exhausted, *Rose v. Lundy*, 455 U.S. 509, 510 (1982), or if there is "good cause" for the petitioner's failure to first exhaust his claims in state court, the court can decline to dismiss the matter and issue a stay and abeyance of the petition so petitioner can exhaust his state court remedies. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). If, however, the court is convinced that the unexhausted claims have no merit or that the issues are easily resolvable against the petitioner, the court can deny the petition on the merits. *See*, 28 U.S.C. § 2254(b)(2).

After a review of the pleadings on file, the court finds petitioner has not shown good cause for his failure to first exhaust his claims in state court. Therefore, it would be inappropriate for this court to entertain a stay and abeyance of the petition. As a result, petitioner has the following options to consider in deciding to proceed with this action: 1) dismiss the action with prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations; 2) dismiss his unexhausted claims and continue with his exhausted claims; or 3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state court remedies. Petitioner is granted fourteen (14) days to advise the court of the direction he intends to follow by filing **one** of the following: 1) a motion to dismiss this action in its

---

[1] A petition containing both exhausted and unexhausted claims.

entirety without prejudice; 2) a motion to dismiss his unexhausted claims; or 3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the court in this Order will result in dismissal of this entire action.

**ACCORDINGLY**, Petitioner is directed to advise the court within fourteen (14) days of his intentions for proceeding in this case, by filing an appropriate pleading as directed herein.

**IT IS SO ORDERED** this 28th day of July 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma