# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ELDRIDGE CONE, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-16-384-JHP-KEW |
| | ) |
| JANET DOWLING, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter comes before the court on petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner an inmate currently incarcerated at the Dick Conner Correctional Center located in Hominy, Oklahoma, attacks his conviction in the District Court of Muskogee County, Case No. CF-2012-749 for the following crimes: Count I, Murder in the First Degree in violation of Okla. Stat. tit. 21, § 701.7 and Count II, Assault and Battery with a Deadly Weapon in violation of Okla. Stat. tit. § 652(C).

Petitioner was convicted by a jury on March 12, 2014. The jury recommended life imprisonment on Count I and and five years on Count II. The trial court judge sentenced petitioner accordingly and ordered the sentences to be served concurrently followed by a two-year post imprisonment community supervision upon release. Petitioner timely appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA), raising the following issues:

> 1) whether the instructions issued by the trial court were fundamentally defective;
>
> 2) whether he was prejudiced by prosecutorial misconduct;
>
> 3) whether he received the effective assistance of counsel; and
>
> 4) whether the cumulative effect of all the errors deprived him of a fair trial.

On August 5, 2015, the OCCA denied relief. *Cone v. State*, No. F-2014-477, slip op. at 1-2 (Okla. Ct. Crim. App. 2015). (Dkt. # 1, at pp. 13-14). Petitioner did not seek *certiorari*. Further, Petitioner never sought any post-conviction relief in state court.

On September 9, 2017, petitioner filed the instant petition for writ of habeas corpus. A liberal construction of the petition reveals petitioner is claiming the following errors entitle him to release from custody: (1) ineffective assistance of trial counsel for failing to consult and call an expert witness to testify about the multiple drugs contained in the victim's system at the time of the crime and the effects those drugs would have had on the victim;[1] (2) ineffective assistance of trial and appellate counsel for failing to "properly" object to and appeal the "fundamentally defective" jury instructions; (3) ineffective assistance of trial and appellate counsel for failing to object to alleged instances of prosecutorial misconduct which prejudiced petitioner; (4) ineffective assistance of trial and appellate counsel violated his Fifth Amendment right to a fundamentally fair trial and his Sixth Amendment right to

---

[1]The petition indicates petitioner did not exhaust this ground in state court due to ineffective assistance of appellate counsel. Petitioner states, however, that this ground relates to his exhausted claims of ineffective assistance of counsel. *See*, Dkt. 1, at p. 3.

effective assistance of counsel; and (5) ineffective assistance of appellate counsel for not raising a claim of cumulative error.

On October 11, 2016, respondent filed a motion to dismiss (Dkt. # 9) and a brief in support thereof (Dkt. # 10) claiming the petition is a mixed petition, or in other words that not all claims contained within said petition have been exhausted in state court. In her brief, respondent detailed how petitioner had exhausted some claims of ineffective assistance of trial counsel but had not exhausted any claims of ineffective assistance of appellate counsel.

On July 28, 2017, this court advised petitioner that his petition was subject to dismissal for failure to exhaust all of his claims in state court. Petitioner was given an opportunity to dismiss unexhausted claims or continue with his original petition. On August 16, 2017, petitioner advised the court he intended to continue with his original petition, but he "asks that the Court dismiss only the unexhausted claims and proceed on the merits of the exhausted claims." Dkt. # 13, at p. 1.

To the extent petitioner never raised any claims of ineffective assistance of appellate counsel in state court, this court finds those claims are unexhausted. Further, based upon the pleadings, the only claims of ineffective assistance of counsel raised in state court dealt with trial counsel's failure to request appropriate jury instructions and/or failure to object to alleged prosecutorial misconduct. *See*, Brief of Appellant, Dkt. 10-1, at pp. 25-27. As a result, this court finds those two allegations of ineffective assistance of trial counsel are the only ineffective assistance of counsel claims which have been exhausted. Accordingly, after

liberally construing the petition, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), this court finds petitioner will be allowed to proceed on the following claims for relief:

    1) Trial counsel was ineffective for failing to object to allegedly defective instructions;

    2) Trial counsel was ineffective for failing to object to alleged incidences of prosecutorial misconduct; and

    3) Cumulative error deprived petitioner of a fair trial.

As a result, this court hereby **denies** respondent's motion to dismiss (Dkt. # 9) and directs respondent to file a response to petitioner's remaining claims within thirty (30) days.

    It is so ordered on this 21st day of August, 2017.

James H. Payne
United States District Judge
Eastern District of Oklahoma

4