# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JOHN ELDRIDGE CONE, JR.,** | ) |
| Petitioner, | ) ) ) |
| v. | ) **Case No. CIV 16-384-JHP-KEW** ) |
| **JANET DOWLING, Warden,** | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On September 30, 2019, the Court entered an Opinion and Order denying Petitioner's petition for a writ of habeas corpus filed pursuant to 42 U.S.C. § 2254 (Dkt. 24). On October 10, 2019, Petitioner filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), alleging the Court erroneously found that there was no evidence to support the trial court's instruction on heat-of-passion manslaughter, and that if the instruction was incomplete, Petitioner was not harmed (Dkt. 26). Petitioner argues this Court was required to follow the trial court's decision that state law required the instruction. He further asserts the Oklahoma Court of Criminal Appeals' determination that trial counsel's failure to object did not affect the outcome of the trial, was an unreasonable application of *Strickland*. Petitioner maintains this Court was bound by the trial court's construction of the law.

Respondent alleges Petitioner has failed to demonstrate he is entitled to any relief, and because Petitioner is merely attacking this Court's determination of the merits, the motion must be treated as a second or successive habeas petition (Dkt. 27). Petitioner

argues in his reply to Respondent's response to the motion that his challenge of judicial error is not a challenge on the merits (Dkt. 28).

The Court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). The Court "is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Rule 59(e), however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Id.* "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 270 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (citation omitted), *aff'd*, 191 F. App'x 822 (10th Cir. 2006). Granting a motion to alter or amend is an "extraordinary remedy which is used sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997); *cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under Rule 60(b)).

In the context of a habeas corpus petition, a post-judgment motion may be considered a "second or successive" habeas petition, rather than a "true" Rule 59(e) or

60(b) motion. The distinction matters because a petitioner must obtain authorization from the appropriate Court of Appeals before a district court may hear his second or successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing 28 U.S.C. § 2244).

In *Spitznas*, the Tenth Circuit set forth the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas . . . case." *Id*., 464 F.3d at 1216. Rule 59(e) motions are subject to the same analysis. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (citation omitted). *See also Servants of Paraclete*, 204 F.3d at 1012 ("[A] motion to reconsider filed within [28] days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion.") (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).[1]

The Court first must determine whether a petitioner's motion should be construed as a "true" [59(e)] motion or a second or successive habeas petition. *Spitznas*, 464 F.3d at 1216. A Rule [59(e)] motion should be treated as a second or successive § 2254 petition, "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)). "Thus, . . . a Rule [59(e)] motion is actually a

---

[1] Effective December 1, 2009, Rule 59(e) was amended to provide that a motion to alter or amend a judgment may be filed within 28 days after the entry of judgment. Previously, Rule 59(e) provided ten days to file such motions. In *Van Skiver*, 952 F.2d at 1243 n.2, the Tenth Circuit held that if a motion was filed within ten days of a judgment it would be considered pursuant to Rule 59(e), which reflected the time that was given to file under 59(e) at the time of that decision.

3

second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012).

> Some examples of Rule [59(e)] motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *see Gonzales v. Crosby*, 545 U.S. at 545, 530-31 (2005); a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 530; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id.* at 532.
>
> By contrast, a [59(e)] motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true [59(e)] motion rather than a successive petition. *See id.* at 532-33 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true [59(e)] motion. *See id.*

*Spitznas*, 464 F.3d at 1216-17.

In the present case, Petitioner clearly is attacking the Court's determination of the merits. Because Petitioner failed to obtain authorization from the Tenth Circuit Court of Appeals before filing the motion, pursuant to 28 U.S.C. § 2244(b)(3)(A), the motion must be DISMISSED for lack of jurisdiction for a second or successive habeas petition.

**ACCORDINGLY,** Petitioner's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Dkt. 26) is DISMISSED.

**IT IS SO ORDERED** this 4th day of December 2019.

James H. Payne
United States District Judge
Eastern District of Oklahoma

4