IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JOHN ELDRIDGE CONE, JR.

        Petitioner,

v.                                                         No. 16-CV-384-JFH-KEW

DAVID LOUTHAN, Warden,

        Respondent.

## OPINION AND ORDER

This habeas corpus action is again before the Court. Petitioner John Eldridge Cone, Jr. ("Cone") filed a motion to vacate the judgment under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Dkt. No. 42. Rule 60(b)(4) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: . . . the judgment is void." Fed. R. Civ. P. 60(b)(4).

### Background

The record shows that on September 9, 2016, Cone filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in Muskogee County District Court Case No. CF-2012-749 for First Degree Murder (Count 1) and Assault and Battery with a Deadly Weapon (Count 2). The respondent filed a motion to dismiss, alleging Cone had filed a mixed petition. Dkt. No. 9. After Cone filed a response to the motion [Dkt. No. 13], the Court found that he could proceed on three (3) claims:

    I.     Trial counsel was ineffective for failing to object to allegedly defective instructions;

    II.    Trial counsel was ineffective for failing to object to alleged incidences of prosecutorial misconduct; and

    III.   Cumulative error deprived petitioner of a fair trial.

Dkt. No. 14 at 4.  As a result, the respondent's motion to dismiss was denied.  *Id.*

On September 30, 2019, the Court entered an Opinion and Order denying Cone's remaining claims and denying a certificate of appealability.  Dkt. No. 24.  Judgment also was entered on that date.  Dkt. No. 25.

On October 10, 2019, Cone filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, alleging there was "a defect in the integrity of the habeas proceeding."  Dkt. No. 26 at 2.  He asserted "the Court erroneously found that there was no evidence to support the trial court's instruction on heat-of-passion manslaughter, and that if the instruction was incomplete, Petitioner was not harmed."  Dkt. No. 30 at 1.  The Court found Cone's motion was "attacking the Court's determination of the merits," therefore, the motion should be treated as a second or successive habeas petition.  *Id*. at 4.  Because Cone had not obtained authorization from the Tenth Circuit Court of Appeals before filing the motion, pursuant to 28 U.S.C. § 2244(b)(3)(A), it was dismissed for lack of jurisdiction.  *Id.*

Cone appealed to the Tenth Circuit on December 12, 2019.  Dkt. No. 31.  On April 23, 2020, the appellate court found that "reasonable jurists could not debate the district court's denial of Cone's § 2254 habeas petition.  Dkt. No. 39 at 6.  Cone's request for a certificate of appealability was denied, and the appeal in Case No. 19-7068 was dismissed.  *Id.*  Cone's petition for a writ of certiorari in United States Supreme Court Case No. 20-5466 was denied on November 2, 2020.  Dkt. No. 41.

## Cone's Claim

On September 8, 2022, Cone filed a motion to vacate the judgment as void, pursuant to Fed. R. Civ. P. 60(b)(4).  Dkt. No. 42.  He alleges that "[th]his Court overlooked an issue properly raised in petitioner's habeas petition."  *Id*. at 1.  He specifically asserts:

3

> In the case at bar, the fact of the case demonstrates petitioner was entitled to a self-defense, heat of passion instruction. The victim received a total of four gunshot wounds from which he died. The autopsy report reflects that two of those gunshot wounds were to the victim's bicep, which support[s] petitioner's assertion that the victim had grabbed petitioner by his throat prior to the shooting and establishes that petitioner acted out of fear of being injured or killed. McHam v. State, 126 P.3d 662, 668 (Okl. Cr. 2005).

*Id.* at 2 (punctuation in original).

This Court stated in its Opinion and Order denying habeas relief that the victim received four gunshot wounds that caused his death. Dkt. No. 24 at 4 (citing Dkt. No. 18-2 at 8-11). Cone is complaining about the Court's determination that his unsupported claim that the victim grabbed him by the throat prior to the shooting was "self-serving" and "insufficient to establish that petitioner was prejudiced by the lack of a jury instruction on the Defense of the Heat of Passion." *Id*. at 1-2 (citing Dkt. No. 24 at 18). Cone maintains that the victim's autopsy report corroborated his statement that the victim grabbed him by his throat prior to the shooting. *Id*. at 2. He contends "[t]he first two gunshots were to the victim's bicep in an attempt to free himself before firing the two fatal gunshots into the victim's side." *Id.* The Court has reviewed Cone's petition [Dkt. No. 1] and his replies to the respondent's response to the petition [Dkt. Nos. 20, 23] and has found no reference to the autopsy report or how it could have affected the jury instructions.

## Discussion

Because Cone filed his Rule 60(b)(4) motion in the context of a habeas proceeding, the Court must determine whether the Rule 60(b) motion is a "true" Rule 60(b) motion, or it instead should be treated as a second or successive habeas corpus petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (distinguishing between "true" Rule 60(b) motions and Rule 60(b) motions filed in habeas proceedings that should be construed as second or successive habeas petitions). *Spitznas* explains that "a 60(b) motion is a second or successive petition if it in

4

substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." 464 F.3d at 1215.

> Some examples of Rule 60(b) motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *Gonzales v. Crosby*, 545 U.S. 524, 530-31; a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id.* at 531; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id*. at 531-32.
>
> By contrast, a 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than a successive petition. *See id*. at 532 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true 60(b) motion. *See id.* at 532-33.

*Spitznas*, 464 F.3d at 1216.

Here, the Court finds Cone is attempting to add a new, unexhausted claim alleging the victim's autopsy supported Cone's claim that the victim grabbed Cone by the throat before the first two shots were fired. There is, however, no evidence that this particular claim has been presented to the state courts as required by 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Further, this claim was presented in this habeas corpus action after the one-year statute of limitations in 28 U.S.C. § 2244(d) had expired. Therefore, the Rule 60(b)(4) motion should be treated as a second or successive habeas petition.

> If . . . the district court concludes that the motion is actually a second or successive petition, it should refer the matter to [the circuit] court for authorization under § 2244(b)(3). *See* 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir.1997) (per curiam).

5

*Spitznas v. Boone*, 464 F.3d at 1217.

Because this petition is untimely, unexhausted, and second or successive, the Court finds it would be a waste of judicial resources to transfer the case for the Tenth Circuit's consideration of Cone's claims. *See Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed"). This Court should instead exercise its discretion to deny the petition. *See In re Cline*, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . . whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Therefore, Cone's motion to vacate the judgment as void pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure [Dkt. No. 42] is denied.

## Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. Here, the Court finds that no reasonable jurist would debate that Cone's Rule 60(b)(4) motion is an unauthorized second or successive section 2254 petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."). The Court declines to issue a certificate of appealability.

IT IS THEREFORE ORDERED that Cone's motion to vacate the judgment as void pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure [Dkt. No. 42] is DENIED, and Cone is denied a certificate of appealability.

Dated this 7th day of June 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE